

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-19-2004

# Zhang v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2183

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Zhang v. Atty Gen USA" (2004). *2004 Decisions*. Paper 815.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/815

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

Nos. 03-2183 and 03-3123

———————

SONG ZHANG,
Petitioner in No. 03-2183

v.

JOHN ASHCROFT,
ATTORNEY GENERAL,
Respondent

———————

SONG ZHANG,
Petitioner in No. 03-3123

v.

JOHN ASHCROFT, ATTORNEY GENERAL;
BUREAU OF CITIZENSHIP AND
IMMIGRATION SERVICES,
Respondents

———————

Petitions for Review of Orders of the
Immigration and Naturalization Service
Board of Immigration Appeals
(BIA No. A76-141-839)

———————

Submitted Under Third Circuit LAR 34.1(a)
April 15, 2004

Before:  RENDELL, STAPLETON and LAY\*, <u>Circuit</u> <u>Judges</u>.

(Filed  April 19, 2004)

_____

OPINION OF THE COURT

_____

RENDELL, <u>Circuit Judge</u>.

Song Zhang, a citizen of China, petitions for review of two decisions issued by the Board of Immigration Appeals ("BIA").  In the first decision, the BIA affirmed without opinion the findings of an Immigration Judge ("IJ") that Zhang lacked credibility and therefore was not qualified for withholding of removal.  In the second decision, the BIA denied Zhang's motion to reopen because Zhang failed to produce material evidence that was not previously available.  We have jurisdiction under 8 U.S.C. § 1252.  We will affirm the decision pertaining to Zhang's claims for withholding of removal and will deny the petition for review.

In June 1995, Zhang entered the United States as a nonimmigrant with authorization to remain in the country for one month.  Four years later, in July 1999, Zhang was arrested and placed in removal proceedings for overstaying his visa.  He subsequently conceded removability but filed claims for relief from removal because of

_____

\*Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit, sitting by designation.

2

persecution on account of his affiliation with the Falun Gong movement.[1]

At his hearing before the IJ, Zhang testified that he first became interested in the movement in May 1997, when the owner of a New Jersey restaurant he worked for gave him a book about the Falun Gong. In addition, at around the same time, Zhang received a letter from China written by his father-in-law, a Falun Gong practitioner, inviting Zhang to learn more about the movement. Zhang further testified, however, that it was not until August 1999, one month after he was arrested by U.S. immigration officials, that he formally began the Falun Gong practice.

Zhang also testified that, upon his arrest, he did not mention to immigration officials that he was affiliated with or had any interest in the movement, nor did he tell them that he feared persecution by the Chinese government on account of his religious beliefs – this despite the fact that the officials asked him about his feelings regarding his possible return to China.

In her oral opinion, the IJ stated that she was unpersuaded by Zhang's testimony and believed that Zhang's membership in the Falun Gong was insincere, noting "the motivation that [Zhang] had for joining Falun Gong in August of 1999 was to have some

---

[1] Falun Gong "'blends aspects of Taoism, Buddhism, and the meditation techniques of Qigong (a traditional [Chinese] martial art) with the teachings of Li Hongzhi.'" Gao v. Ashcroft, 299 F.3d 266, 267 (3d Cir. 2002) (citing U.S. Dep't of State, Human Rights Report for 1999, China, February 25, 2000). The Chinese government has declared Falun Gong illegal, and has reportedly subjected its followers to various forms of persecution. Gao, 299 F.3d at 268.

method of seeking asylum in the United States of America." Accordingly, the IJ denied Zhang's application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), but granted his request for voluntary departure. The BIA subsequently affirmed the IJ's findings without opinion. Zhang later filed a motion to reopen, which the BIA denied on June 30, 2003. This timely appeal followed.

The Attorney General may grant asylum to any alien who is unable or unwilling to return to his home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). The burden to prove a well-founded fear of persecution lies with the applicant, who must demonstrate that he or she has a genuine fear of persecution, and that a reasonable person in the same circumstances would similarly fear persecution if returned to his or her native country. See Gao, 299 F.3d at 272. The applicant's own testimony may be sufficient to establish eligibility for asylum, as long as his testimony is "credible." 8 C.F.R. § 208.13(a); Gao, 299 F.3d at 272.

Where the BIA affirms without opinion, we review the IJ's decision. Gao, 299 F.3d at 271. Our review is limited to ensuring that any findings are supported by substantial evidence. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992); Dia v. Ashcroft, 353 F.3d 228, 247 (3d Cir. 2003) (en banc). We may reverse the IJ's decisions only if "any reasonable adjudicator [would] be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); see also Elias-Zacarias, 502 U.S. at 481 n.1.

4

Zhang's primary argument on appeal is that the IJ erred in finding that his belief in the Falun Gong movement was insincere.[2] In support of this argument, he contends that: 1) the reason he did not begin the formal practice of Falun Gong until August 1999 was that his work prevented him from attending group exercise meetings on Sundays, and 2) the reason he did not tell immigration officials that he was affiliated with the movement upon his arrest was that the Chinese government had not yet begun to suppress the Falun Gong at that time.[3]

With regard to the first contention, as the IJ noted in her opinion, there is no evidence that Zhang ever inquired whether he could change his work schedule so that he

---

[2] Zhang also argues that the BIA abused its discretion in denying his motion to reopen because he presented new and previously unavailable evidence of his membership in the Falun Gong. In reviewing a denial by the BIA of a motion to reopen an immigration case, we review the BIA's decision for abuse of discretion. INS v. Abudu, 485 U.S. 94, 105 (1988). Under this standard, we will reverse only if the decision is "'arbitrary, irrational, or contrary to law.'" Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002) (quoting Tipu v. INS, 20 F.3d 580, 582 (3d Cir. 1994)). These types of motions "shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." INS v. Doherty, 502 U.S. 314, 323 (1992) (citing 8 C.F.R. § 3.2 (1987)).

The evidence in question consists of photographs previously submitted by Zhang at his removal hearing, allegedly depicting him participating in a Falun Gong march in New York. It also includes an unauthenticated letter from a Falun Gong practitioner which contains a poetic verse about the movement but says nothing about Zhang or his involvement in the Falun Gong. Because the photographs were already presented at a former hearing, and because the letter is not material, we find that this argument lacks merit; thus, we conclude that the BIA did not abuse its discretion in denying Zhang's motion to reopen.

[3] Zhang further contends that various reasons in the IJ's opinion are illogical and are based on unfair inferences. Although we find that parts of the opinion are digressive, when considered as a whole, the opinion is adequate and is based on valid reasoning.

could practice Falun Gong exercises on Sundays – this despite the fact that the owner of the restaurant where he worked was one of the people who had encouraged him to learn about the movement and thus may have been willing to accommodate him. Furthermore, there was no evidence offered to explain why Zhang's work schedule shifted in August 1999, suddenly making it possible for him to begin the formal practice of Falun Gong.

Second, with respect to Zhang's contention that he did not tell U.S. immigration officials about his affiliation with or his interest in the Falun Gong movement upon his arrest in July 1999 because the Chinese government had not yet begun to suppress Falun Gong practitioners at that time, we cannot find fault with the IJ's rejection of this argument. Later in his testimony, Zhang conceded that at the time of his arrest, he was aware that Falun Gong practitioners had been arrested in China in April 1999. Additionally, this Court has observed that the Chinese government officially banned the Falun Gong in July 1998, an entire year prior to Zhang's arrest. See Gao, 299 F.3d at 268.

We find no reason to disturb the IJ's adverse credibility finding or her subsequent determination that Zhang does not qualify for asylum.[4] Accordingly, we will AFFIRM

---

[4] Thus, Zhang's claim for withholding of removal must necessarily fail, because the standard for such a claim is more stringent than that required for an asylum claim. See Zubeda v. Ashcroft, 333 F.3d 463, 469 (3d Cir. 2003) (noting that the standard is a "clear probability" that the applicant will be persecuted if returned to his native country). Moreover, Zhang's claim for protection under the Convention Against Torture ("CAT"), 1465 U.N.T.S. 85, 23 I.L.M. 1027 (1984), also cannot stand, because there is no evidence in the record to indicate that it is "more likely than not that [Zhang] . . . would be tortured

the decision of the Board of Immigration Appeals pertaining to Zhang's claims for relief

from removal, and we will DENY the petition for review.

---

if removed to [China]," which is the requisite standard for CAT claims. 8 C.F.R. §§ 208.16(c)(2); <u>Abdulrahman v. Ashcroft</u>, 330 F.3d 587, 591 n.2 (3d Cir. 2003).